THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00309-MR-WCM

| | |
|---|---|
| RICHARD LEE MIKOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| TRAVIS J. CLARK; SIX ARMS, LLC; ) | |
| and FIBOCA FREIGHT, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Partial Summary Judgement. [Doc. 17].

## I.    PROCEDURAL BACKGROUND

On September 5, 2019, Richard Lee Mikos (the "Plaintiff") initiated this action against Travis J. Clark ("Defendant Clark"), Six Arms LLC ("Defendant Six Arms"), and Fiboca Freight, Inc. ("Defendant Fiboca Freight"), alleging claims of negligence, negligent entrustment, and respondeat superior, and seeking both compensatory and punitive damages. [Doc. 1-1 at 1–3].

On August 11, 2020, the Defendants filed a Motion for Partial Summary Judgement alleging that the Plaintiff's claims for punitive damages against all of the Defendants should be dismissed. [Doc. 17]. In the Plaintiff's

response the Plaintiff conceded that the punitive damages claims against Defendant Six Arms and Defendant Fiboca Freight should be dismissed. [Doc. 20 at 9].

Having been fully briefed, this matter is ripe for disposition.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers, admissions, stipulations, affidavits, and other materials on the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)&(c). "As the Supreme Court has observed, 'this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (emphasis in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)).

"Facts are material when they might affect the outcome of the case, and a genuine issue exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." Ballengee v. CBS Broad., Inc., 968 F.3d 344, 349 (4th Cir. 2020) (quoting News & Observer Publ'g Co. v.

2

Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010)). The Court

does not make credibility determinations or weigh the evidence. Guessous

v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016). Instead, "[i]n

applying this standard, [the Court must] 'view all reasonable inferences

drawn from the evidence in the light that is most favorable to the non-moving

party.'" Smith v. Collins, 964 F.3d 266, 274 (4th Cir. 2020) (quoting Nader v.

Blair, 549 F.3d 953, 958 (4th Cir. 2008)). However, the evidence presented

to overcome summary judgment must be more than a self-serving opinion,

there must be some corroboration. CTB, Inc. v. Hog Slat, Inc., 954 F.3d 647,

658–59 (4th Cir. 2020)

## III.    FACTUAL BACKGROUND

Viewing the forecast of evidence in the light most variable to the

Plaintiff, the following is a recitation of the relevant facts regarding the

punitive damages claim against Defendant Clark.

On November 16, 2018, Defendant Clark was operating a commercial

tractor/semi-trailer owned by Defendant Fiboca Freight on Interstate 26 ("I-

26") in Henderson Country, North Carolina. [Doc. 1-1 at ¶ 3; Doc. 4 at ¶ 3].

Defendant Clark was working in the scope and course of his employment

with Defendant Six Arms by driving the vehicle. [Doc. 1-1 at ¶ 5; Doc. 4 at ¶

5].

The Plaintiff was traveling between sixty and sixty-five miles per hour in the left lane (passing lane) of the highway in moderately heavy traffic. [Doc. 17-1 at 14]. As traffic eased, the Plaintiff was rear-ended by Defendant Clark. [Id.]. After striking the rear of the Plaintiff's vehicle, Defendant Clark drove his vehicle into the right travel lane of I-26 and again struck the Plaintiff's vehicle, this time on the right side. [Id.]. Defendant Clark then accelerated into the right side of the Plaintiff's vehicle, pushing it to the side, and drove away. [Id. at 14–15]. Defendant Clark did not try to slow down, instead he "shifted down and tried to run [the Plaintiff] over." [Id. at 15]. Highway Patrol stopped Defendant Clark and issued him a citation for careless and reckless driving and leaving the scene of an accident. [Doc. 1-1 at ¶ 9; Doc. 4 at ¶ 9].

## IV.   DISCUSSION

### A. Punitive Damages Against Defendant Clark

In North Carolina, punitive damages are available to plaintiffs to punish defendants for egregiously wrongful acts and to deter the commission of similar wrongful acts. N.C. Gen. Stat. § 1D-1. A plaintiff can only recover punitive damages by establishing one of three aggravating factors by clear and convincing evidence: (1) fraud; (2) malice; or (3) willful or wanton conduct. Id. § 1D-15. "Punitive damages are allowable for injuries caused by

4

the willful or wanton operation of a motor vehicle." <u>Marsh v. Trotman</u>, 96 N.C. App. 578, 580, 386 S.E.2d 447, 448 (1989), <u>disc. review denied</u>, 326 N.C. 483, 392 S.E.2d 91 (1990).

"'Willful or wanton conduct' means the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm. 'Willful or wanton conduct' means more than gross negligence." N.C. Gen. Stat. § 1D-5(7). A willful act is done with "deliberate purpose not to discharge a duty, assumed by contract or imposed by law, necessary for the safety of the person or property of another." <u>George v. Greyhound Lines, Inc.</u>, 210 N.C. App. 388, 393–94, 708 S.E.2d 201, 205 (2011) (internal quotations omitted). A wanton act is an act done with a "wicked purpose" or "done needlessly, manifesting a reckless indifference to the rights of others." <u>Id.</u> at 394, 708 S.E.2d at 205 (internal quotations omitted). Therefore, in order to survive summary judgement in a punitive damages claim, the Plaintiff must forecast evidence that, if believed, would allow a jury to find that the "Defendant[s'] conduct was willful or wanton or otherwise warranted punitive damages." <u>See</u> <u>Palacino v. Beech Mountain Resort, Inc.</u>, No. 1:13-cv-00334, 2015 WL 8731767, at *4–5 (W.D.N.C. Dec. 11, 2015).

5

Willful and wanton conduct lies somewhere between gross negligence and an intentional tort. George, 210 N.C. App. at 393–94, 708 S.E.2d at 205–06. In North Carolina, the standard for gross negligence, a less culpable standard than willful and wanton conduct, for motor vehicle accidents has traditionally "been confined to circumstances where at least one of three rather dynamic factors is present: (1) defendant is intoxicated; (2) defendant is driving at excessive speeds; or (3) defendant is engaged in a racing competition." Yancey v. Lea, 354 N.C. 48, 53–54 (2002). While these factors do not "comprise an exhaustive list" in determining gross negligence, this is a starting point to determine the level of culpability required for gross negligence. Id. at 54. As willful and wanton conduct is greater than gross negligence, there needs to be more, namely there must be there must be "the conscious and intentional disregard of and indifference to the rights and safety of others." N.C. Gen. Stat. § 1D-5(7). In establishing willfulness there must be more than mere inadvertence. George, 210 N.C. App. at 393–94, 708 S.E.2d at 205–06.

In taking all of the Plaintiff's forecasted evidence as true, Defendant Clark displayed more than mere inadvertence or even gross negligence. While hitting the Plaintiff's vehicle once may be negligent and "mere inadvertence," hitting the Plaintiff's vehicle a second time, then accelerating

6

and attempting to run the plaintiff over can reasonably be found by the jury to be willful conduct. Furthermore, the Plaintiff has presented evidence that Defendant Clark drove away after the accident. [Doc. 1-1 at ¶ 9; Doc. 4 at ¶ 9]. While failure to stop after an accident itself is not sufficient to support punitive damages, it is "probative of a driver's general demeanor toward the safety of other motorists." Taylor v. Daniels, No. 5:04-cv-00404-FL(1), 2006 WL 8438544, at *2 (E.D.N.C. Mar. 9, 2006) (citing Craven v. Chambers, 287 S.E.2d 905, 909–10 (N.C. Ct. App. 1982). Therefore, this evidence is relevant as "a jury may consider all of a defendant's conduct surrounding an automobile accident in determining whether his actions *in causing the collision* were willful or wanton." Id. (emphasis in original).

The Defendants analogize this case to George v. Greyhound Lines, Inc., arguing that "[a]t most, the evidence shows Clark was 'merely inadvertent' in failing to avoid the collision." [Doc. 18 at 13]. In George, the accident occurred after the driver fell asleep at the wheel and the court concluded that this was merely inadvertent. George, 10 N.C. App. at 397, 708 S.E.2d at 207. In this case however, the Defendant admitted that he was awake, as in his own sworn statement he says that he remembered the accident. [Doc. 17-2 at 2]. The first impact with the Plaintiff's vehicle may well have been "merely inadvertent driver error," but the second impact, coupled

7

with the evidence that Defendant Clark accelerated into the Plaintiff's car, perhaps in an effort to leave the scene, is enough that the jury could find that Defendant Clark was willful.

The Defendants argue that Defendant Clark did not know that he had hit the Plaintiff and that is why he continued driving. [Doc. 17-2 at 2]. They assert that he did not act intentionally or willfully in hitting the Plaintiff's vehicle a second time or continuing to accelerate because he did not realize that he had hit the Plaintiff's vehicle either time. This, however, merely illustrates that there is a genuine issue of material fact as to whether Defendant Clark acted intentionally.  Therefore, summary judgment is not appropriate on the Plaintiff's claim for punitive damages against Defendant Clark. See Ballengee, 968 F.3d at 349.

**B. Punitive Damages Against Defendant Six Arms and Defendant Fiboca Freight.**

Under North Carolina law, a claim for punitive damages cannot "be awarded against a person solely on the bias of vicarious liability for the acts or omissions of another." N.C. Gen. Stat. § 1D-15(c). In their Motion the Defendants' argue that the Plaintiff has failed to set forth any facts that would allow the Plaintiff to recover punitive damages from Defendant Six Arms and Defendant Fiboca Freight. [Doc. 17 at 2]. In the Plaintiff's response to the Defendants' motion, the "Plaintiff agrees, after obtaining discovery from the

8

Defendants, that there is no evidence sufficient to establish vicarious liability for punitive damages on the part of the Defendants Six Arms, LCC and Fiboca Freight, Inc." [Doc. 20 at 9].

Therefore, as the Plaintiffs and the Defendants agree, there is no genuine issue as to material fact and summary judgment is granted as to the punitive damages claims as to Defendants Six Arms and Fiboca Freight.

## ORDER

**IT IS, THEREFORE, ORDERED,** that the Defendant's Motion for Partial Summary Judgment is **DENIED** as to the punitive damages claim against Defendant Clark. The Motion is **GRANTED** as to the punitive damages claims against Defendants Six Arms and Fiboca Freight and those claims are hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed: September 16, 2020

Martin Reidinger
Chief United States District Judge